# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**YAHSHUA MUHAMMAD**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.: 5:23-cv-62-BJB**

**CONTINENTAL MILLS et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Yashua Muhammad brought this *pro se*, *in forma pauperis* lawsuit. This matter is before the Court for screening under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court dismisses some claims, grants the Kentucky Education and Labor Cabinet's motion to dismiss (DN 7), orders Plaintiff to address whether he timely filed his employment-discrimination claim, and authorizes Plaintiff to file an amended complaint.

## I. STATEMENT OF CLAIMS

The Complaint names as Defendants Continental Mills, Dr. Kenneth Parker, and Matrix Absense Management (Matrix). Plaintiff states that he is a 70-year-old black, Muslim former employee of Continental Mills. DN 1, PageID #: 12. He explains that on August 27, 2021, he fell at home, injuring his right hand and wrist and was subsequently diagnosed with a fracture and provided a cast. *Id*. Plaintiff alleges that he then saw Dr. Parker, a specialist, who sent him back to work with no restrictions even though he knew Plaintiff was required to use his hands at work and refused to fill out paperwork necessary for Plaintiff to receive disability compensation. *Id*.

Plaintiff further alleges that Continental Mills told him that there was not a light-duty job for him and that, after he complained about his mistreatment to the owner of Continental Mills,

he was wrongfully terminated. *Id*. at PageID #: 12-13. Plaintiff asserts that when he filed for unemployment benefits, Continental Mills "pushed a False Narrative . . . that [he] was terminated for misconduct when their own paperwork stated 'Medical Separation.'" *Id*. Plaintiff alleges that he worked in a "hostile environment for over ten years" at Continental Mills. *Id*. He also alleges that Continental Mills discriminated against him by refusing him light-duty work, although they offered light duty work to white workers, as well as short- and long-term disability coverage that it provided to others with similar or worse injuries. *Id*. at PageID #: 10, 35.

Plaintiff also alleges that Defendants violated the Family and Medical Leave Act (FMLA) and deprived him of disability insurance. DN 1, PageID #: 8. Dr. Parker breached his duty to provide Plaintiff adequate care, Plaintiff contends, by prematurely removing the cast from his arm, not recommending rehabilitation, sending him back to work with no restrictions, and refusing to fill out Matrix's required paperwork in order for Plaintiff to receive disability payments. *Id*. According to Plaintiff, Dr. Parker's tortious conduct caused Plaintiff to lose more than 50% of the use of his right hand. *Id*. at PageID #: 9.

At the same time Plaintiff filed his Complaint, he filed a document seeking to appeal an Equal Employment Opportunity Commission's (EEOC) determination not to pursue his discrimination complaint (DN 3).[1] He states that Continental Mills violated his constitutional right to due process, discriminated against him on the basis of his religion and age, and wrongfully terminated him. DN 3, PageID #: 108.

Plaintiff also filed a "motion to appeal and consolidate/amend the Labor Commission's Decisions" (DN 6), which seeks to add to this lawsuit a challenge to the Kentucky Labor Commission's decision and to add the Kentucky Education and Labor Cabinet (KELC) as a

---

[1] The Court considers this document to be an amended complaint, as no service has yet occurred in this case. *See* Fed. R. Civ. P. 15(a)(1)(A).

2

Defendant. He attaches a copy of a KELC Office of Unemployment referee decision dated March 20, 2022, affirming a determination that Plaintiff was discharged for misconduct connected with work and was therefore disqualified from receiving unemployment benefits. DN 6-1. But he attaches no pleading or proof of service.

As relief, Plaintiff requests to have his dental insurance restored, to be placed on long-term disability, and to be awarded damages on behalf of himself and his wife, Brenda Muhammad.[2] DN 1, PageID #: 9-10.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] Brenda did not sign the complaint and, thus, is not a Plaintiff in this lawsuit. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). Nor can Plaintiff, a non-lawyer, represent the interests of his wife. While 28 U.S.C. § 1654 permits individuals to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person.

### III. ANALYSIS

### A. KELC's motion to dismiss

KELC filed a motion to dismiss for lack of jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted under Rule 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure (DN 7).[3] KELC points out that, although it received a copy of Plaintiff's motion, it was not served with summons in accordance with Rule 4 of the Federal Rules of Civil Procedure, and KELC is, therefore, not a party to this action. Nonetheless, it argues that this Court lacks subject-matter jurisdiction to hear Plaintiff's claim based on the denial of Kentucky unemployed insurance benefits because Plaintiff's remedies are exclusively provided by state law and do not include judicial review in federal district court.

Under Kentucky law, a claimant may ask the Kentucky Unemployment Insurance Commission to review a referee decision. *See* Ky. Rev. Stat. § 341.430. From there, judicial review may be had in the circuit court of the county where the claimant was employed under Ky. Rev. Stat. § 341.450(1).[4] It does not appear from Plaintiff's filings that he successfully appealed the referee decision or that he sought judicial review in the state courts. So his challenge could not proceed even in state court. "To the extent that the plaintiff means to challenge the unemployment compensation benefits ultimately awarded to her, it appears that this Court does not have jurisdiction." *See McGuire v. Bourbon Cmty. Hosp.*, No. 04-cv-480, 2006 WL 208826, at *5 (E.D. Ky. Jan. 25, 2006) (citing K.R.S. § 341.450(1)); *Carver v. Houchens Food Grp., Inc.*,

---

[3] Plaintiff did not file a response. And KELC's motion did not assert state or sovereign immunity.

[4] "[W]ithin twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the Circuit Court of the county in which the claimant was last employed[.]" Ky. Rev. Stat. § 341.450(1).

4

No. 119-cv-31, 2019 WL 13438026, at *2 (W.D. Ky. Sept. 5, 2019) ("Judicial review of the Commissioner's decision is foreclosed before the exhaustion of administrative remedies and it is limited to Kentucky Circuit Courts."), *report and recommendation adopted*, 2019 WL 13438025 (W.D. Ky. Sept. 30, 2019).

In any event, as KELC notes, Plaintiff's motion fails to attach any pleading, describe his claim against KELC, or indicate any attempt to serve the Cabinet through the Attorney General or otherwise. It merely refers to a "delay tactic, mail being held up until the day of the hearing," and asks the Court to "add to this Lawsuit The Kentucky Labor Cabinet." DN 6, PageID #: 1. This doesn't describe what the Cabinet allegedly did wrong, the basis for challenging any error in federal court, or why the administrative appeal is properly before a federal district court rather than state circuit court.

So the Court grants KELC's motion to deny Plaintiff's motion to appeal and consolidate/amend (DN 7) and denies for lack of jurisdiction Plaintiff's motion (DN 6) seeking to appeal a KELC decision.

## B. Diversity jurisdiction

Plaintiff filled out the diversity-jurisdiction section of the Complaint form, stating that he seeks more than $75,000 and identifying the citizenship of Defendants.

This Court has diversity jurisdiction over actions in which the amount in controversy is more than $75,000 and is between citizens of different states, 28 U.S.C. § 1332(a)(1), meaning that Plaintiff's citizenship must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Complete diversity does not exist here because Plaintiff and Defendants Continental Mills and Dr. Parker are all citizens of Kentucky.

### C. Federal-question jurisdiction

*1. Claims under the Fifth, Sixth, and Fourteenth Amendments*

The Complaint also invokes this Court's federal-question jurisdiction based on allegations that Defendants Continental Mills, Dr. Parker, and Matrix violated Plaintiff's rights to due process and equal protection under the Fifth, Sixth, and Fourteenth Amendments.

Section 1983 of Title 42 of the U.S. Code provides a vehicle for bringing civil-rights claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Continental Mills, Matrix, and Dr. Parker are not government employees or agencies; they are private companies and a private doctor, respectively. *See* DN 1, PageID: # 2-5. When defendants are not clearly part of a government entity, a plaintiff may attempt to show they are nevertheless state actors based on a number of doctrinal tests recognized by the Supreme Court: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (quoting *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (en banc)). Plaintiff does not allege, and nothing in his pleadings suggests, that Defendants Continental Mills, Dr. Parker, and Matrix are state actors. Therefore, Plaintiff fails to state a constitutional claim against any Defendant. *See Balcar v. Jefferson Cnty. Dist. Court*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) ("These defendants are not alleged to be state actors, as they must be in order for their conduct to be subject to § 1983.") (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

*2. FMLA claim*

Plaintiff alleges that Continental Mills, Dr. Parker, and Matrix violated the FMLA, but he does not explain how.

The FMLA entitles an employee to take up to twelve weeks of unpaid leave, without fear of termination, for a serious health condition that renders the employee unable to perform the functions of his job. *See* 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1); *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 446 (6th Cir. 2007). An employee returning from FMLA leave is entitled to reinstatement to the same or equivalent position without a loss of benefits. 29 U.S.C. § 2614(a). It is "unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. 29 U.S.C. § 2615(a)(1) (emphasis added); *Wysong*, 503 F.3d at 447 ("The FMLA prohibits qualifying employers from 'interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under th[e] [FMLA].'" (quoting 29 U.S.C. § 2615(a)(1)); *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003).

As the FMLA applies only to an employer, *see* § 2615(a)(1), the Court dismisses Plaintiff's FMLA claims against Dr. Parker and Matrix, neither of which he alleges employed him. Continental Mills, by contrast, is an employer, but the claim still fails to comply with the Federal Rules of Civil Procedure's notice-pleading requirement. Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). The allegations imply that Continental Mills fired Plaintiff, but don't indicate what Continental Mills should have done to comply with the FMLA when he presented with his injury and work restrictions. The Court will provide *pro*

7

*se* Plaintiff an opportunity to amend his Complaint to set forth his FMLA claim against Continental Mills with specificity to meet the notice-pleading requirement of Rule 8(a).

### 3. Employment-discrimination claim

Plaintiff alleges that Continental Mills discriminated against him on the basis of his religion, age, race, and handicap and wrongfully terminated him.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Americans with Disabilities Act (ADA) protects against discrimination based on disability. 42 U.S.C. § 12112(a). The Age Discrimination in Employment Act makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Under all of these statutes, "before filing a complaint in the district court, a plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC or the appropriate state agency and receiving a Notice of Right to Sue." *Howard v. DaimlerChrysler Corp.*, 290 F. Supp. 2d 784, 792 (E.D. Mich. 2003) (citations omitted).

Plaintiff attaches to his Complaint an EEOC right-to-sue notice issued on January 11, 2023. DN 1-1, PageID #: 25. That notice clearly states that he must initiate a lawsuit within 90 days of receipt of that notice. His Complaint was not filed until 111 days later—on May 2, 2023.

In the Sixth Circuit, actual receipt of a right-to-sue notice is not required before the ninety-day period begins to run. *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474 (6th Cir. 1986) ("We are not inclined toward an inflexible rule requiring actual receipt of notice by a

8

claimant before the time period begins to run."). "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (footnote omitted). Moreover, "the ninety-day time limit for filing suit in the district court after receipt of a right-to-sue letter" is not a jurisdictional requirement. *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998). It "'is subject to waiver, estoppel, and equitable tolling.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

The current filings offer no explanation regarding why Plaintiff filed this lawsuit more than 90 days after the EEOC's issuance of the notice. Neither do they address when Plaintiff received notification of the issuance. Nor any factors beyond Plaintiff's control that may have affected the timing of his filing. Absent an adequate explanation for the timing of the lawsuit given the limitations period discussed above, the law would require the Court to dismiss the discrimination claim as untimely. Before it does so, however, the Court will allow Plaintiff an opportunity to explain whether his EEOC claim against Continental Mills was filed in time and should not be dismissed on that basis.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** Plaintiff's constitutional claims and his FMLA claims against Defendants Dr. Parker and Matrix for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

9

The Court **DENIES** Plaintiff's motion (DN 6) and **GRANTS** the KELC's motion to dismiss (DN 7).

The Court **ORDERS** Plaintiff to show cause **within 30 days** of entry of this Order why his employment-discrimination claim should not be dismissed as untimely.  Within the same 30-day period, Plaintiff may file an amended complaint setting forth his FMLA claim against Continental Mills with sufficient particularity to meet Rule 8(a)'s notice-pleading requirement.

The Court **DIRECTS** the Clerk to send Plaintiff a copy of the Court's complaint form with "AMENDED" and this case number affixed thereto.

The Court **WARNS** Plaintiff that failure to comply with this Order may result in dismissal of this lawsuit.

Date: February 28, 2024

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Counsel of record
B213.009