# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**YAHSHUA MUHAMMAD**                                                               **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO.: 5:23-cv-62-BJB**

**CONTINENTAL MILLS et al.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On initial review of Plaintiff Yahshua Muhammad's *pro se*, *in forma pauperis* lawsuit under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed the majority of Plaintiff's claims, ordered him to address whether he timely filed his employment-discrimination claim with the Equal Employment Opportunity Commission (EEOC), and authorized him to file an amended complaint to set forth his Family Medical Leave Act (FMLA) claim against Continental Mills, his former employer, with sufficient particularity to meet Rule 8(a)'s notice-pleading requirement (DN 8). Plaintiff has filed an Amended Complaint (DN 11), which the Court now reviews.[1] § 1915(e)(2); *McGore*, 114 F.3d at 608.

### Timeliness of Employment Discrimination Claim

"[B]efore filing a complaint in the district court, a plaintiff must exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC . . . and receiving a Notice of Right to Sue." *Howard v. DaimlerChrysler Corp.*, 290 F. Supp. 2d 784, 792 (E.D.

---

[1] The Amended Complaint asserts that Continental Mills violated Plaintiff's right to due process and equal protection. It does so in the portion of the complaint form asking Plaintiff to list the specific federal law, treaties, or constitutional provisions under which he asserts federal-question jurisdiction. DN 11, PageID #: 161. The Court, however, already dismissed these claims because Continental Mills is a private company, not a government agency, and not arguably a state actor based on Plaintiff's allegations. So Plaintiff fails to state a constitutional claim against Continental Mills based on these constitutional rights that restrain governmental rather than private action. DN 8, PageID #: 133. *See Balcar v. Jefferson Cnty. Dist. Court*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) ("These defendants are not alleged to be state actors, as they must be in order for their conduct to be subject to [42 U.S.C.] § 1983.") (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

Mich. 2003) (citations omitted). "Court[s] routinely hold that a failure to file a complaint upon receiving a right to sue letter from the EEOC within the prescribed ninety-day period, even if only one (1) day late, is grounds for dismissal of the Complaint." *Lawson v. Teleflex Med.*, No. 218cv2838, 2019 WL 2404331, at *2 (W.D. Tenn. June 7, 2019) (citing cases). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (footnote omitted). "[E]quitable tolling relief should be granted only sparingly." *Nitch v. E. Gateway Cmty. Coll.*, No. 20-4016, 2021 WL 2030081 (6th Cir. May 21, 2021) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001)). And the Sixth Circuit has cautioned that it is typically only applied when a plaintiff shows that his "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (citation omitted).

Plaintiff attached to his Complaint an EEOC right-to-sue notice issued on January 11, 2023. DN 1-1, PageID #: 25. That notice clearly stated that he must initiate a lawsuit within 90 days of receipt of that notice. Yet his Complaint was not filed until 111 days later.

The Court's prior Memorandum Opinion and Order explained that:

> The current filings offer no explanation regarding why Plaintiff filed this lawsuit more than 90 days after the EEOC's issuance of the notice. Neither do they address when Plaintiff received notification of the issuance. Nor any factors beyond Plaintiff's control that may have affected the timing of his filing. Absent an adequate explanation for the timing of the lawsuit given the limitations period discussed above, the law would require the Court to dismiss the discrimination claim as untimely. Before it does so, however, the Court will allow Plaintiff an opportunity to explain whether his EEOC claim against Continental Mills was filed in time and should not be dismissed on that basis.

DN 8, PageID #: 136.

Plaintiff states in his Amended Complaint that the EEOC never mailed a notification to his residential address of record and that he never received a notice. This is puzzling because Plaintiff attached the January 11 EEOC right-to-sue notice to his Complaint. DN 1-1, PageID #: 25. So clearly at some point Plaintiff received notice.

The question is when. In the Sixth Circuit,

> notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (footnote omitted). "The presumption may be rebutted where the plaintiff proves 'that he did not in fact receive notification within that period.'" *Byrd v. Pepsico/frito-lay*, No. 5:20-cv-01923, 2021 WL 307662, at *2 (N.D. Ohio Jan. 29, 2021) (quoting *Rucker v. Potter*, 215 F. App'x 406, 408 (6th Cir. 2007) (citing *Graham-Humphreys*, 209 F.3d at 557–58)).

Plaintiff hasn't offered any proof (or explanation) that he didn't receive the notice later than the presumed five-day delivery period. In fact, he offers no explanation for his assertion that the EEOC never mailed the notice to him at his address of record. That address, as listed on the EEOC notice, is also Plaintiff's address of record in this case. And as far as the Court can surmise, Plaintiff has received all this Court's mailings at that residence in a timely fashion.

Accordingly, Plaintiff has failed to show that equitable tolling applies, and the Court dismisses this claim as untimely. *See, e.g.*, *Jackson v. City of Memphis*, No. 15-2313, 2015 WL 7162224, at *5 (W.D. Tenn. May 22, 2015) ("Jackson has not stated any reason why she did not file her complaint within ninety days of the date of receipt of the right-to-sue letter from the EEOC. The sparse allegations in the complaint are not sufficient to justify equitable tolling in

this case."), *report and recommendation adopted*, 2015 WL 7162195 (W.D. Tenn. Nov. 13, 2015); *Hudson v. Genesee Intermediate Sch. Dist.*, No. 13-12050, 2013 WL 6163220, at *3 (E.D. Mich. Nov. 25, 2013) ("[B]arring some evidence to the contrary, the EEOC is presumed to have given Hudson notice of its January 31, 2013 right-to-sue letter on February 5, 2013, and thus his ninety-day limitations period began to run on that date[.]").

## FMLA Claim

The Complaint alleged only that Continental Mills violated the FMLA, but didn't explain how. DN 1, PageID #: 8 ("Continental Mills (CM) . . . violated the FMLA law, in addition to depriving the plaintiff of both Short-Term and Long-Term Disability.").

Rule 8(a)(2) requires that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "Additionally, the Sixth Circuit has held that a FMLA plaintiff must plead enough factual content 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Kindred v. Memphis Light Gas & Water*, No. 2:19-cv-2660, 2020 WL 880878, at *6 (W.D. Tenn. Jan. 6, 2020) (quoting *Rhoades v. R & L Carriers, Inc.*, 491 F. App'x 579, 583–84 (6th Cir. 2012)), *report and recommendation adopted*, 2020 WL 504672 (W.D. Tenn. Jan. 31, 2020).

The FMLA entitles an employee to take up to twelve weeks of unpaid leave, without fear of termination, for a serious health condition that renders the employee unable to perform the functions of his job. *See* 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1); *Wysong v. Dow Chem. Co.*,

503 F.3d 441, 446 (6th Cir. 2007).  "Any claim that an employer unlawfully interfered with an employee's FMLA rights[] must show each of the following: (1) he is a FMLA-eligible employee; (2) the defendant is an employer under the FMLA; (3) he was entitled to take FMLA leave; (4) he gave notice of his intention to take leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA." *Windham v. Dominion E. Ohio Gas*, No. 5:12cv2835, 2013 WL 123798, at *2 (N.D. Ohio Jan. 9, 2013) (citations omitted).

Plaintiff's Amended Complaint does not mention the FMLA, only asserting that Continental Mills "discriminated" against him after he was injured when it denied him "light duty; short term disability; interfered with [his] right to adequate medical care; wrongful termination and misleading information provided to the Dept. of Labor to deny [him] unemployment insurance."  DN 11, PageID #: 162 and 165.  Once again, Plaintiff's one-sentence statement regarding Continental Mills's actions fails to comport with Rule 8(a).  *See, e.g.*, *Anderson v. Hartford*, No. 2:13-cv-02064, 2013 WL 6834386, at *3 (W.D. Tenn. Dec. 20, 2013) ("Plaintiff's Complaint contains as its sole allegations vague references to 'Long Term Disability Payment, Medical Mal–Practice [sic], [and] Violation of F.M.L.A. law.'  Plaintiff's Complaint does not contain a short and plain statement of the claim showing that he is entitled to relief, which fails to comply with Rule 8(a)(2).").

Additionally, Plaintiff's failure to allege what Continental Mills did or didn't do—despite the opportunity to file an Amended Complaint—leaves the Court with only the spare information provided in a January 28, 2022 letter from Continental Mills attached to his Complaint.  That letter states:

> You have been on medical leave since August 28, 2021 and you were approved for Short-Term Disability and leave under the Family and Medical Leave Act (FMLA) through September 15, 2021.  The medical documentation provided to date indicates a return to work date of September 15, 2021.  We sent you a letter on

> January 21, 2022 via mail notifying you that Matrix[2] must receive the requested medical documentation by January 25, 2022, in order for any additional leave to be considered.

DN 1-1, PageID #: 38.  That letter demonstrates that Continental Mills terminated Plaintiff effective January 28, 2022 because he did not produce the requested medical documentation.[3] *Id*.  And Plaintiff admits in his Complaint that he did not provide the proper paperwork, stating that Dr. Kenneth Parker "refused to fill out required paperwork for Matrix in order for Plaintiff to receive short- and long-term disability payments."  DN 1, PageID #: 12 (cleaned up).

Furthermore, according to the letter, Plaintiff was not terminated until January 28, 2022, despite not having provided the proper documentation for leave after September 15, 2021.  Assuming he didn't return to work, this suggests he was actually afforded more than 12 weeks of leave—the maximum length of time available under FMLA.[4]  *See* 29 U.S.C. § 2612(a)(1).

As such, the Court holds that Plaintiff fails to state a claim under the FMLA on which relief may be granted.  § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted[.]").  *Windham*, 2013 WL 123798, at *3 ("There is no dispute Mr. Windham received leave under the FMLA.  There is not, however, any allegation that Dominion East denied him any benefits to which he was entitled under the FMLA.  For reasons that are not stated in the Complaint, Mr. Windham failed to provide Dominion East a doctor's work release. . . . [Thus,] the Complaint is devoid of any allegation that Dominion East denied Mr. Windham any benefit to which he was entitled under the FMLA.").

---

[2] "Matrix" refers to Matrix Absence Management.
[3] Under the FMLA, "An employer may require that a request for leave . . . be supported by a certification issued by the health care provider of the eligible employee . . .. The employee shall provide, in a timely manner, a copy of such certification to the employer."  29 U.S.C. § 2613(a).
[4] Twelve weeks from August 28, 2021 is November 20, 2021.

6

For the forgoing reasons, the Court **DISMISSES** Plaintiff's employment-discrimination and FMLA claims.

The Court will enter a separate Order dismissing this lawsuit.

Date: September 23, 2024

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
B213.009